UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

KAM AUSAR,
    Petitioner,

v.      C.A. No. 22-150 WES

PATRICIA A. COYNE-FAGUE,
    Defendant.

## REPORT AND RECOMMENDATION

Patricia A. Sullivan, United States Magistrate Judge.

Petitioner Kam Ausar has appealed *pro se*,[1] ECF No. 31, from the Court's denial of his Amended Petition for Writ of Habeas Corpus by a Person Under State Custody pursuant to 28 U.S.C. § 2254, ECF No. 29. In connection with this appeal, he has filed a motion asking for leave to prosecute the appeal *in forma pauperis* ("IFP"). ECF No. 33. The IFP motion has been referred to me. For the reasons stated below, I recommend that the Court certify that Petitioner's appeal is not taken in good faith pursuant to Fed. R. App. P. 24(a)(3)(A) and that the IFP motion be denied. Because denial of IFP status may be dispositive of the appeal, the IFP motion is addressed by this report and recommendation. United States v. Monteiro, C.R. No. 15-48WES, 2022 WL 1439080, at *1 (D.R.I. May 6, 2022), accepted by text order (D.R.I. May 23, 2022); Keselica v. Wall, No. CA 07-224 ML, 2007 WL 2126518, at *1 (D.R.I. July 23, 2007) (denial of IFP motion is functional equivalent of dismissal; magistrate judge should issue report and recommendation for final decision by district court).

## **Background**

---

[1] Because Petitioner is *pro se*, I have interpreted his filings liberally. Instituto de Educacion Universal Corp. v. United States Dep't of Educ., 209 F.3d 18, 23 (1st Cir. 2000).

In 2003, following a jury trial in Kent County Superior Court, Petitioner was sentenced to a total of forty years of imprisonment for felony conspiracy, breaking and entering, and felony assault. ECF No. 29 at 2. Petitioner appealed and the Rhode Island Supreme Court vacated his convictions. Id. Following another jury trial, Petitioner was again sentenced to a total of forty years to serve for the same charges. Id. Petitioner appealed again to the Rhode Island Supreme Court, which affirmed. State v. Alston, 47 A.3d 234 (R.I. 2012). In July 2015, Petitioner filed for state post-conviction relief, which was denied; the Rhode Island Supreme Court denied certiorari on March 25, 2022. ECF No. 29 at 3. Petitioner filed his initial § 2254 petition for writ of habeas corpus in this Court on April 6, 2022. ECF No. 1. The State moved to dismiss; in response, the Court found that Petitioner had demonstrated good cause for a stay for exhaustion of state court remedies and allowed him the opportunity either to stay the petition until all claims were exhausted or to file an amended petition without the unexhausted claim. Text Order of Nov. 15, 2022. Petitioner filed his Amended Petition on November 30, 2022; the State answered in opposition on February 15, 2023.

In the Amended Petition, Petitioner focused on the arguments that his sentence should be vacated based on prosecutorial misconduct in violation of Brady v. Maryland, 373 U.S. 83 (1963) and the Fifth, Sixth and Fourteenth Amendments; a "flight" instruction that violated his rights under the Fifth, Sixth and Fourteenth Amendments; and ineffective assistance from his trial counsel, Damon D'Ambrosio. ECF No. 29 at 10-11. Petitioner advised the Court that he was "reserving the right to submit a brief/memorandum in support of these assertions," but filed nothing further. Id. at 4.

In a lengthy rescript that issued on June 15, 2023, the Court denied the Amended Petition. ECF No. 29. Based on a detailed analysis, the Court found that the Amended Petition was

lacking in merit with respect to each of Petitioner's contentions. Id. The Court examined Petitioner's allegations that prosecutorial misconduct had occurred based on the State's withholding of exculpatory material in violation of Brady, and his rights under the Fifth, Sixth, and Fourteenth Amendments. ECF No. 29 at 10-20. Citing the deference to state court rulings required by 28 U.S.C. § 2254(d), the Court rejected this argument and held that it "cannot say that the R.I. Superior Court's [post-conviction] decision was an unreasonable application of Brady." Id. at 20. The Court likewise reviewed the state court's post-conviction findings and applied § 2254(d) in rejecting Petitioner's arguments that the assistance he received from Attorney D'Ambrosio failed to meet the standard established in Strickland v. Washington, 466 U.S. 668, 687 (1984). Id. at 20-35. Finally, the Court found that Petitioner had procedurally defaulted the arguments that the trial court's flight instruction violated his due process rights in that he had neither "demonstrated cause for, and prejudice stemming from, his default in the Amended Petition" nor "claim[ed] that a fundamental miscarriage of justice will occur if this Court declines to address the issue." Id. at 37 (citing ECF No. 23 at 8-10). Finding that each of Petitioner's claims was without merit, the Court separately found that "this case is not appropriate for the issuance of a certificate of appealability (COA) because [Petitioner] failed to make a substantial showing of the denial of a constitutional right as to any claim." Id. at 38 (emphasis in original).

On July 5, 2023, Petitioner filed the notice of appeal from the denial of the Amended Petition. This IFP motion followed on July 13, 2023. ECF No. 33. For the IFP motion, Plaintiff did not use the prescribed Form 4 of the Appendix of Forms as required by Fed. R. App. P. 24(a), although the partially-completed form he did file appears to establish that, now released on parole, he likely is indigent. Id. However, the IFP motion fails to comply with the requirements

for IFP on appeal that the affidavit must show not only the inability to pay fees and costs, but also that the appeal is based on a claimed entitlement to redress, and must state the issues that Petitioner intends to present on appeal.  Id.; see Fed. R. App. P. 24(a)(1)(B)-(C).  That is, Petitioner's IFP motion is deficient in that he has failed to identify any error committed by the District Court and has not otherwise articulated any basis for this appeal.

## Analysis

"An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."  28 U.S.C. § 1915(a)(3).  As this Court has explained,

> The good faith standard is an objective one, and an appeal is considered not taken in good faith if the appeal seeks review of issues that are frivolous.  An appeal is deemed frivolous when it is based on an indisputably meritless legal theory or factual allegations that are clearly baseless.

Lyons v. Wall, C.A. No. 08-498 ML, 2010 WL 5562620, at *2 (D.R.I. Nov. 30, 2010) (internal quotation marks and citations omitted), adopted, 2011 WL 87345 (D.R.I. Jan. 10, 2011).

Mindful of Petitioner's *pro se* status, I have looked past his failure to state the basis for his appeal and have carefully examined the Court's detailed analysis of each of Petitioner's arguments.  Based on this review, I find that Petitioner's appeal is frivolous in that it is based on indisputably meritless legal theories and on factual allegations that are clearly baseless.  Therefore, I find that Petitioner's appeal is not taken in good faith.  This finding also rests on the Court's denial of a certificate of appealability based on the lack of merit of every legal and factual argument Petitioner presented.  See Richardson v. United States, Civil Action No. 09-30079-MAP, 2010 WL 4450446, at *1 (D. Mass. Oct. 14, 2010) (although standard for granting IFP on appeal is somewhat lower than standard for certificate of appealability, "[w]here the court denies a certificate of appealability because the petition was without merit, then it should also

4

deny [IFP] status on appeal because the appeal is not taken in good faith") (internal quotation marks omitted), adopted, 2010 WL 4450408 (D. Mass. Nov. 4, 2010).

## Conclusion

The finding that Petitioner's appeal is not taken in good faith is fatal to Petitioner's IFP motion. Although Petitioner may be financially qualified for IFP status on appeal pursuant to Fed. R. App. P. 24(a)(1)(A), 28 U.S.C. § 1915(a)(3) provides that an appeal may not be taken on an IFP basis if the trial court certifies in writing that it is not taken in good faith. Based on this finding, I recommend that the Court certify that this appeal is not taken in good faith. Based on such certification, I further recommend that the IFP motion (ECF No. 33) be denied.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Crim. P. 59(b); DRI LR Cr 57.2(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
August 9, 2023